IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAUL CALDERON, | |
| Petitioner, | 4:20CV3044 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Raul Calderon's motion for status (filing 8) which is granted. The court now conducts a preliminary review of Petitioner's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner claims his due process rights have been violated because Nebraska Department of Correctional Services staff planted a weapon in his cell in order to take 90 days of good time credit from Petitioner and detain him beyond his May 2020 release date.[1]

---

[1] Petitioner's habeas petition is rambling and appears to assert other various claims relating to his conditions of confinement such as forced medication, denial of access to the courts, general mistreatment, and retaliation. To the extent Petitioner asserts claims related to his conditions of confinement, such claims are dismissed without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). The court notes that Petitioner has filed a § 1983 action in this court which is currently pending and contains some of the same conditions-of-confinement allegations raised in the petition. *See Calderon v. Trump, et al.*, Case No. 8:20CV183 (D.Neb.).

The court determines that this claim, when liberally construed, is potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of this claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner also requests the appointment of counsel. (Filings 4, 5, & 7.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claim, as set forth in this Memorandum and Order, is potentially cognizable in federal court.

2.     By **August 3, 2020**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 3, 2020**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that

        Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **August 3, 2020**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or

successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 1, 2020**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's motion for status (filing 8) is granted.

7. Petitioner's motions for appointment of counsel (filings 4, 5, & 7) are denied without prejudice to reassertion.

Dated this 18th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge